USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-1-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOEL MICHAEL TYSON,
                    Petitioner,

                    **MEMORANDUM OPINION**
v.                                 **AND ORDER**

J. BALTAZAR, WARDEN, FEDERAL       15 CV 8272 (VB)
BUREAU OF PRISONS and UNITED
STATES ATTORNEY GENERAL,
                    Respondents.
-----------------------------------------------------------x

Briccetti, J.:

      Before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), on petitioner Joel Michael Tyson's petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging the Federal Bureau of Prisons ("BOP") erroneously calculated the presentence custody time credited to his federal sentence. (Doc. #16). Judge Davison recommended that the Court deny the petition in its entirety.

      For the following reasons, the Court adopts the R&R as the opinion of the Court and denies the petition.

      Familiarity with the factual and procedural background of this case is presumed.

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the report and recommendation, but the objections must be "specific[,] written," and submitted within 14 days after being served with a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).

      Insofar as a report and recommendation deals with a dispositive motion, a district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C). The district

1

court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Because petitioner is proceeding pro se, the Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

Petitioner did not object to Judge Davison's R&R.

The Court has reviewed Judge Davison's thorough and well-reasoned R&R and finds no error, clear or otherwise.

## CONCLUSION

The R&R is adopted as the opinion of the Court. The petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to (i) enter judgment accordingly, (ii) mail a copy of this memorandum opinion and order to petitioner, and (iii) close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

Dated: February 1, 2018
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge